**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| JOSHUA JAMES ENLOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:21-CV-69-HEA |
| | ) |
| JUDGE MATTHEW M. KROHN, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Joshua James Enloe, an inmate at the Macon County Jail, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, for the reasons discussed below, the Court will dismiss this action, without prejudice.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not provided the Court with a certified copy of his inmate account statement, but in his amended complaint, he indicates that one of his custodians refused to give him "document of indigent." (ECF No. 3 at 5). The Court will not direct plaintiff to file a certified inmate account statement at this time, and will instead assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Original and Amended Complaint**

Plaintiff is a pretrial detainee at the Macon County Jail. He initiated this action by filing a handwritten and often illegible complaint on eight pages of notebook paper. The complaint was basically a collection of largely incoherent run-on sentences describing a variety of unrelated matters. Plaintiff subsequently filed an amended complaint and two supplemental documents. The amended complaint was prepared on a court-provided form, but plaintiff set forth his statement of claim in the same manner as the original complaint. The supplemental documents also mirrored the original complaint.

As best the Court can tell, plaintiff intends to sue the following individuals: Judge Matthew M. Krohn, Prosecuting Attorneys Brian Keedy and Shiante McMahon, Sheriff Kevin Shoemaker, Jail Administrator Elizabeth Richardson, Detective Tom Bunnell, and Sheriff Jeff

3

Henke. Plaintiff also avers he sues "The Commission and all others in case," but it is unclear what he means by that. (ECF No. 3 at 1).

In the amended complaint, plaintiff claims he witnessed an assault on another inmate, and "was directed to put toilet paper over my window of cell pod unknown I then was taken and put on displine [*sic*] action for throwing a fit over what appeared a woman being assaulted in a mens pod." *Id.* at 3. Plaintiff avers he was placed on suicide watch, and can be understood to complain that there was a hole in the floor instead of a toilet. Plaintiff then writes:

> During my arraignment Elizabeth Richardson 599 told the dude (State Supreme Court) appointed that I was put on dicplinary [*sic*] why would a displinary [*sic*] be put in a suicide cell afterwards a Black man was convulsing on the floor in intake and talking suicidal when the officer looked up saw me there they couldn't put him in the suicide tank for a 24 hr hold they had to [illegible] and release him I am indigent I former [illegible] and pro se in my case and the jail won't even make copies or send letters of grievances to the State Public Defen[der's] Office or provide me with government addresses the jail kiosk doesn't have Google search because it's a sex crim[e] holding base for sex-offenders which I'm not the Sheriff refuses to make copies of grievances for the court and refus[]es to provide me with document of indigent but the jail kiosk has that information I've had surg[e]ry on my hand and they make me hard copy everything.

*Id.* at 3-5. Plaintiff further avers that "upon entry they did not do a medical evaluation under the United States Const Amendments," and he appears to claim that women and men are wrongfully confined in the same area. *Id.* at 5. Provided with the amended complaint is a copy of a November 4, 2021 letter from the Missouri State Public Defender's Office, notifying plaintiff that he qualified for their services, and they would be providing representation.

Plaintiff seeks damages in the amount of $1,000,000,000 "because they continue to degrade me and force to to [*sic*] hand write and I've had [illegible] and I'm diagnosed P.T.S.D. I don't fell rude [*sic*] I want Sheriff Prosecuted and Jail Administration and State of Missouri." *Id.* at 6.

After filing the amended complaint, plaintiff filed a twelve-page handwritten supplement, and a fifteen-page handwritten supplement. These documents are composed in the same format as the original and amended complaint. For example, in the supplemental document filed on November 12, 2021, plaintiff averred that jail officials refused to give him legal advice, he wanted an out-of-state lawyer appointed for him, he wished to sue the Missouri State Public Defender System, and other averments. In the supplemental document filed on November 15, 2021, plaintiff appears to identify Missouri state prosecutors and judges he wants added as defendants in this matter, he appears to ask this Court to help him bring claims before the Missouri court, he states he witnessed an assault, and so forth.

### Discussion

Overall, the original complaint, amended complaint, and supplemental documents are unnecessarily long and disorganized, and they contain largely incomprehensible factual allegations and irrelevant information. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. *See* Fed. R. Civ. P. 8. Indeed, even *pro se* litigants are obligated to plead specific facts and proper jurisdiction, and abide by the Federal Rules of Civil Procedure. *See McNeil,* 508 U.S. at 113; *see also McAninch v. Wintermute*, 491 F.3d 759, 766 (8th Cir. 2007) (finding the district court properly rejected an amended complaint that contained "lengthy, irrelevant, and largely incomprehensible factual allegations.").

Because of the manner in which plaintiff prepared the original complaint, amended complaint, and supplemental documents, this Court is unable to discern any plausible claim for relief. While this Court is required to liberally construe *pro se* pleadings, this Court is not required to pore through pleadings such as these in an attempt to piece together a viable claim.

5

The Court therefore concludes this action is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted, and this Court also finds it would be futile to grant plaintiff leave to file a second amended complaint. *See McAninch,* 491 F.3d at 766. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 5) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 10th day of  February, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

6